UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **WENDY HEALEY**, <br><br> Plaintiff, <br><br> v. <br><br> **TRANS UNION LLC**, a foreign limited liability company, **EXPERIAN INFORMATION SOLUTIONS**, **INC.**, a foreign corporation and **DEBT RECOVERY SOLUTIONS, LLC,** a foreign corporation, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> (Fair Credit Reporting Act; Fair Debt Collection Practices Act) <br><br> JURY TRIAL DEMANDED |

I. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 15 U.S.C. § 1681(p) and 15 U.S.C. §1692k(d).

2. This action arises out of defendants TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND DEBT RECOVERY SOLUTIONS LLC'S violations of the Fair Credit

Page 1 -   COMPLAINT

Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and Debt Recovery's violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and defendants transact business here.

## II.  IDENTIFICATION OF THE PARTIES

4. Plaintiff Wendy Healey ("plaintiff") is an individual who lives in Arlington, County of Snohomish, State of Washington. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

5. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company and Experian Information Solutions, Inc. ("Experian") is a foreign limited liability corporation. Trans Union and Experian are consumer reporting agencies, as that term is defined in the FCRA, 15 U.S.C. § 1681a(f).

6. Defendant Debt Recovery Solutions, LLC ("DRS") is a foreign corporation who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2 and which does business in Washington as a "debt collector," attempting to collect an alleged "debt" owed by plaintiff, who is a "consumer," as those terms are defined in 15 U.S.C. § 1692a. DRS is a furnisher of credit information as that description is used in the FCRA.

## III.  FACTUAL ALLEGATIONS

7. In 2004, Sprint, a long distance telephone carrier, telephoned plaintiff attempting to collect on an outstanding debt allegedly owed by plaintiff to Sprint. Plaintiff informed Sprint that she has never had a cell phone nor an account with Sprint, never lived in Tallahasse, Florida and never received a bill from Sprint. One week later she was contacted by a collection agency, attempting to collect the debt allegedly owed to Sprint. The debt has been assigned to Allied Interstate, Professional Credit Services, and presently DRS.

///

Page 2 -    COMPLAINT

8. The debt was reported as owed by plaintiff to both the Trans Union and Experian credit reporting agencies. In January 2005, plaintiff disputed the debt as not owed by her to both Trans Union and Experian. The debt was subsequently deleted.

9. In February 2005, plaintiff began receiving telephone calls asking her to pay the debt to Sprint. Plaintiff called Sprint and made a fraud report to the Sprint representative. Plaintiff also disputed the Sprint account with Professional Credit Services and asked for verification that she owed the debt. Plaintiff received bills for a person named Wendy Healey, living in Tallahassee, Florida, but no agreement with any signatures on it.

10. In November 2005, plaintiff obtained her credit report from both Trans Union and Experian in preparation to preparing for a mortgage. The Sprint account at issue was being reported to these credit reporting agencies by another debt collection company, Allied Interstate. Plaintiff disputed the collection account to both Trans Union and Experian. In February 2006, Trans Union deleted the collection of the Sprint account but Experian verified it as belonging to plaintiff.

11. Plaintiff disputed the account again to Sprint and Experian. Sprint told her that all records had been archived and if she wanted records of the account she would have to serve a subpoena on Sprint as part of a lawsuit. Experian informed plaintiff that the collection had been previously verified and would remain on her credit file.

12. On February 20, 2006, plaintiff applied for a mortgage with National City Mortgage. The loan was denied due to delinquent accounts on her Experian file.

13. Plaintiff began receiving collection letters from DRS for recovery of an "Embarg" account with the same outstanding balance as the Sprint account. She asked that DRS verify that the debt belonged to her. She received no response. In January, 2008, she received a new collection letter from DRS indicating that it was now reporting the debt to credit reporting agencies. Plaintiff again asked DRS to verify that the debt belonged to her. In March 2009, plaintiff received billing statements for a person named Wendy Healey in Tallahassee, Florida, but nothing with her signature on it.

Page 3 -    COMPLAINT

14. In May 2008, plaintiff received a collection letter from DRS.  In August 2008, plaintiff received another collection letter from DRS.  In October 2008, plaintiff received yet another collection letter from DRS.

15. In November 2008, plaintiff attempted to obtain a loan on a car.  Plaintiff pulled her and her husband's credit reports. Trans Union and Experian had reinserted the Sprint account, now as a debt owed to DRS.  Plaintiff received no notice of the reinsertion.  Upon investigating plaintiff's dispute of the debt owed to DRS, it remained verified by both Trans Union and Experian and continues to be reported.  Plaintiff also disputed the validity of the debt again to DRS.

## IV.   TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FAIR DEBT COLLECTION ACT

(15 U.S.C. §1692, et seq.)

17. Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

18. Defendant DRS violated the FDCPA, 15 U.S.C. §1692, et seq., in the following ways:

    a)    engaging in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

    b)    using false, deceptive, or misleading representations or means in connection with collection of the debt, in violation of 15 U.S.C. § 1692e;

    c)    falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e;

    d)    falsely representing the compensation they could receive, in violation of 15 U.S.C. § 1692e;

    e)    failing to communicate that the debt was disputed, in violation of 15 U.S.C. § 1692e;

    f)    using unfair or unconscionable means to collect or attempt to collect the debt, in

Page 4 -   COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

violation of 15 U.S.C. § 1692f;

g) failing to provide validation of the debt within five days of plaintiff's communication in writing, in violation of 15 U.S.C. § 1692f.

h) failing to cease all collection of the debt after plaintiff disputed the debt in writing, until verification of the debt was mailed to plaintiff, in violation of 15 U.S.C. § 1692g(b); and

i) attempting to collect more than authorized by the law, in violation of 15 U.S.C. § 1692f.

19. As a result of DRS's unlawful collection practices plaintiff has suffered damages including emotional distress, worry, fear, frustration, embarrassment, humiliation, loss of credit, and damage to her reputation for which she seeks actual damages in an amount to be determined by the jury.

20. Plaintiff is entitled to her attorney fees and costs pursuant to 15 U.S.C. § 1692k.

21. Plaintiff is entitled to statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

SECOND CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(Trans Union and Experian)

(15 U.S.C. § 1681n)

22. Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

23. Trans Union and Experian willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and

c) failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b.

24. As a result of Trans Union and Experian's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit,

Page 5 -   COMPLAINT

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

25. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

26. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

THIRD CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(Trans Union and Experian)

(15 U.S.C. § 1681o)

26. Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

27. Trans Union and Experian negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)  failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

b)  failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and

c)  failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b.

28. As a result of Trans Union and Experian's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

29. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

FOURTH CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(Debt Recovery Solutions, LLC)

(15 U.S.C. § 1681o)

30. Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

31. DRS willfully failed to comply with the requirements imposed under the FCRA,

Page 6 -    COMPLAINT

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

including but not limited to failing to comply with the requirements in 15 U.S.C. §1681s-2(b).

32. As a result of DRS's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

33. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

34. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

FIFTH CLAIM FOR RELIEF

FAIR CREDIT REPORTING ACT

(Debt Recovery Solutions, LLC)

(15 U.S.C. § 1681o)

35. Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

36. DRS negligently failed to comply with the requirements imposed under the FCRA, including but not limited to failing to comply with the requirements in 15 U.S.C. §1681s-2(b).

37. As a result of DRS's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

38. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that judgment be entered against defendants as follows:

1. On Plaintiff's First Claim for Relief:

   a) Actual damages in an amount to be determined by the jury;

   b) Statutory damages to be decided by the Court; and

   c) Attorney fees and costs.

Page 7 -   COMPLAINT

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

2. On Plaintiff's Second Claim for Relief:

    a) Actual damages in an amount to be determined by the jury;

    b) Punitive damages in an amount to be determined by the jury; and

    c) Attorney fees and costs.

3. On Plaintiff's Third Claim for Relief:

    a) Actual damages in an amount to be determined by the jury; and

    b) Attorney fees and costs.

4. On Plaintiff's Fourth Claim for Relief:

    a) Actual damages in an amount to be determined by the jury,

    b) Punitive damages in an amount determined by the jury,

    c) Attorney fees and costs.

5. On Plaintiff's Fifth Claim for Relief:

    a) Actual damages in an amount to be determined by the jury,

    b) Attorney fees and costs.

6. Trial by jury is requested on all claims for relief.

DATED this 10th day of July, 2009.

                          /s/ Justin M. Baxter

                          _____
                          Justin M. Baxter, WSBA ID 39182
                          justin@baxterlaw.com
                          BAXTER & BAXTER, LLP
                          8835 SW Canyon Lane, Suite 130
                          Portland, Oregon 97225
                          Telephone (503) 297-9031
                          Facsimile (503) 291-9172
                          Attorneys for plaintiff

Page 8 -    COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)