William R. Brown, Esq. (Admitted *Pro Hac Vice*)                Judge James L. Robart
Schuckit & Associates, P.C.
30th Floor Market Tower
10 W Market Street, Suite 3000
Indianapolis, IN 46204
Telephone:  (317) 363-2400
Facsimile:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Lead Counsel for Trans Union, LLC*

George W. Akers, P.S., WSBA #00498
Montgomery Purdue Blankinship & Austin PLLC
5500 Columbia Center
701 Fifth Avenue
Seattle, WA  98104-7096
Telephone:  206-682-7090
Facsimile:  206-625-9534
E-Mail:  akers@mpba.com

*Local Counsel for Trans Union, LLC*


# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (SEATTLE)


| | |
|---|---|
| WENDY HEALEY,<br>          Plaintiff,<br><br>     vs.<br><br>TRANS UNION LLC; EXPERIAN<br>INFORMATION SOLTUIONS, INC. and<br>DEBT RECOVERY SOLUTIONS, LLC<br>          Defendants. | CASE NO. 2:09-cv-00956-JLR<br><br>**TRANS UNION, LLC'S ANSWER TO<br>PLAINTIFF'S COMPLAINT AND<br>AFFIRMATIVE DEFENSES** |

     Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the

"Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth

verbatim with Trans Union's responses immediately following.

**Trans Union's Answer And Affirmative Defenses - 1**
**(2:09-cv-00956-JLR)**

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

## I. JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 15 U.S.C. § 1681(p) and l5 U.S.C. §l692k(d).

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      This action arises out of defendants TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND DEBT RECOVERY SOLUTIONS LLCǿS violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (õFCRAö) and Debt Recoveryǿs violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq. (õFDCPAö).

**ANSWER:**   Trans Union denies the allegations contained in this paragraph as they relate to Trans Union.  Trans Union states that it has insufficient knowledge to admit or deny the remaining allegations of this paragraph.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and defendants transact business here.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## II. IDENTIFICATION OF THE PARTIES

4.      Plaintiff Wendy Healey (õplaintiffö) is an individual who lives in Arlington, County of Snohomish, State of Washington.  Plaintiff is a õconsumerö within the meaning of 15 U.S.C. § 1681a(c).

**ANSWER:**   Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph that õPlaintiff Wendy Healey (õPlaintiffö) is an individual who lives in Arlington, County of Snohomish, State of Washington.ö  Trans Union states that the

Trans Union's Answer And Affirmative Defenses - 2
(2:09-cv-00956-JLR)

**SCHUCKIT & ASSOCIATES, P.C.**
**30TH FLOOR, MARKET TOWER**
**10 W. MARKET STREET, STUITE 3000**
**INDIANAPOLIS, IN 46204**
**TELEPHONE: (317) 363-2400**
**FACSIMILE: (317) 363-2257**

1
2
3
4
5
6

remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Defendant Trans Union LLC (ōTrans Unionö) is a foreign limited liability company and Experian Information Solutions, Inc. (ōExperianö) is a foreign limited liability corporation. Trans Union and Experian are consumer reporting agencies, as that term is defined in the FCRA, 15 U.S.C. §1681 a(f).

7
8
9
10
11

**ANSWER:**  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union admits that it is a ōconsumer reporting agencyö as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

12
13
14
15
16
17

6.      Defendant Debt Recovery Solutions, LLC (ōDRSö) is a foreign corporation who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2 and which does business in Washington as a ōdebt collector,ö attempting to collect an alleged ōdebtö owed by plaintiff, who is a ōconsumer,ö as those terms are defined in 15 U.S.C. § 1692a. DRS is a furnisher of credit information as that description is used in the FCRA.

18
19
20
21

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

### III.  FACTUAL ALLEGATIONS

22
23
24
25
26

7.      In 2004, Sprint, a long distance telephone carrier, telephoned plaintiff attempting to collect on an outstanding debt allegedly owed by plaintiff to Sprint.  Plaintiff informed Sprint that she has never had a cell phone nor an account with Sprint, never lived in Tallahasse, Florida and never received a bill from Sprint.  One week later she was contacted by a collection agency, attempting to collect the debt allegedly owed to Sprint. The debt has been assigned to Allied

Trans Union's Answer And Affirmative Defenses - 3
(2:09-cv-00956-JLR)

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, SUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

Interstate, Professional Credit Services, and presently DRS.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

8.       The debt was reported as owed by plaintiff to both the Trans Union and Experian credit reporting agencies. In January 2005, plaintiff disputed the debt as not owed by her to both Trans Union and Experian. The debt was subsequently deleted.

**ANSWER:** Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph as they relate to Trans Union. Trans Union states that it has insufficient knowledge to admit or deny the remaining allegations of this paragraph.

9.       In February 2005, plaintiff began receiving telephone calls asking her to pay the debt to Sprint. Plaintiff called Sprint and made a fraud report to the Sprint representative. Plaintiff also disputed the Sprint account with Professional Credit Services and asked for verification that she owed the debt. Plaintiff received bills for a person named Wendy Healey, living in Tallahassee, Florida, but no agreement with any signatures on it.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

10.      In November 2005, plaintiff obtained her credit report from both Trans Union and Experian in preparation to preparing for a mortgage. The Sprint account at issue was being reported to these credit reporting agencies by another debt collection company, Allied Interstate. Plaintiff disputed the collection account to both Trans Union and Experian. In February 2006, Trans Union deleted the collection of the Sprint account but Experian verified it as belonging to plaintiff.

Trans Union's Answer And Affirmative Defenses - 4
(2:09-cv-00956-JLR)

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

**ANSWER:**  Trans Union states that it has insufficient knowledge at this time to admit or deny the allegations of this paragraph as they relate to Trans Union.  Trans Union states that it has insufficient knowledge to admit or deny the remaining allegations of this paragraph.

11.    Plaintiff disputed the account again to Sprint and Experian.  Sprint told her that all records had been archived and if she wanted records of the account she would have to serve a subpoena on Sprint as part of a lawsuit.  Experian informed plaintiff that the collection had been previously verified and would remain on her credit file.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

12.    On February 20, 2006, plaintiff applied for a mortgage with National City Mortgage. The loan was denied due to delinquent accounts on her Experian file.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

13.    Plaintiff began receiving collection letters from DRS for recovery of an ôEmbargö account with the same outstanding balance as the Sprint account.  She asked that DRS verify that the debt belonged to her.  She received no response.  In January, 2008, she received a new collection letter from DRS indicating that it was now reporting the debt to credit reporting agencies. Plaintiff again asked DRS to verify that the debt belonged to her.  In March 2009, plaintiff received billing statements for a person named Wendy Healey in Tallahassee, Florida, but nothing with her signature on it.

**ANSWER:**  Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

**Trans Union's Answer And Affirmative Defenses - 5**
**(2:09-cv-00956-JLR)**

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

14. In May 2008, plaintiff received a collection letter from DRS. In August 2008, plaintiff received another collection letter from DRS. In October 2008, plaintiff received yet another collection letter from DRS.

**ANSWER:** Trans Union states that it has insufficient knowledge to admit or deny the allegations of this paragraph.

15. In November 2008, plaintiff attempted to obtain a loan on a car. Plaintiff pulled her and her husband's credit reports. Trans Union and Experian had reinserted the Sprint account, now as a debt owed to DRS. Plaintiff received no notice of the reinsertion. Upon investigating plaintiff's dispute of the debt owed to DRS, it remained verified by both Trans Union and Experian and continues to be reported. Plaintiff also disputed the validity of the debt again to DRS.

**ANSWER:** Trans Union denies the allegations contained in this paragraph that Trans Union had reinserted the Sprint account and that Plaintiff received no notice of the reinsertion as they apply to Trans Union. Trans Union states that it has insufficient knowledge at this time to admit or deny the remaining allegations of this paragraph as they apply to Trans Union. Trans Union states that it has insufficient knowledge to admit or deny the remaining allegations of this paragraph.

## IV. **TRIAL BY JURY**

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### FAIR DEBT COLLECTION ACT

### (15 U.S.C. §1692, et seq.)

17.      Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

18.      Defendant DRS violated the FDCPA, 15 U.S.C §1692, et seq., in the following ways:

a)      engaging in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

b)      using false, deceptive, or misleading representations or means in connection with collection of the debt, in violation of 15 U.S.C. § 1692e;

c)      falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e;

d)      falsely representing the compensation they could receive, in violation of 15 U.S.C. § 1692e;

e)      failing to communicate that the debt was disputed, in violation of 15 U.S.C. § 1692e;

f)      using unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f;

g)      failing to provide validation of the debt within five days of plaintiff's communication in writing, in violation of 15 U.S.C. § 1692f.

h)      failing to cease all collection of the debt after plaintiff disputed the debt in writing, until verification of the debt was mailed to plaintiff, in violation of 15 U.S.C. § 1692g(b); and

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

i)      attempting to collect more than authorized by the law, in violation of 15 U.S.C. § 1692f.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph including its subparts require a response from Trans Union.

19.      As a result of DRS's unlawful collection practices plaintiff has suffered damages including emotional distress, worry, fear, frustration, embarrassment, humiliation, loss of credit, and damage to her reputation for which she seeks actual damages in an amount to be determined by the Jury.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

20.      Plaintiff is entitled to her attorney fees and costs pursuant to 15 U.S.C. § 1692k.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

21.      Plaintiff is entitled to statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## SECOND CLAIM FOR RELIEF

## FAIR CREDIT REPORTING ACT

## (Trans Union and Experian)

## (15 U.S.C. § 1681n)

22.      Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

23.      Trans Union and Experian willfully failed to comply with the requirements

Trans Union's Answer And Affirmative Defenses - 8
(2:09-cv-00956-JLR)

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

imposed under the FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. §l681i; and

c)      failing to comply with the permissible purpose requirements in 15 U.S.C. §168lb.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph including its subparts as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph including its subparts require a response from Trans Union.

24.      As a result of Trans Union and Experian's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

25.      Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

26.      Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

Trans Union's Answer And Affirmative Defenses - 9
(2:09-cv-00956-JLR)

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

### THIRD CLAIM FOR RELIEF

### FAIR CREDIT REPORTING ACT

### (Trans Union and Experian)

### (15 .S.C. § 1681o)

26. [sic]      Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

**ANSWER**:  Trans Union reasserts its answers and responses set forth herein.

27. [sic]      Trans Union and Experian negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i; and

c)      failing to comply with the permissible purpose requirements in 15 U.S.C. § 1681 b.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph including its subparts as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph including its subparts require a response from Trans Union.

28. [sic]      As a result of Trans Union and Experian's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER**:  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

29. [sic]      Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**  Trans Union denies the allegations contained in this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union.

## FOURTH CLAIM FOR RELIEF

## FAIR CREDIT REPORTING ACT

### (Debt Recovery Solutions, LLC)

### (15 U.S.C. § 1681o)

30. [sic]      Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

31. [sic]      DRS willfully failed to comply with the requirements imposed under the FCRA, including but not limited to failing to comply with the requirements in 15 U.S.C. § 1681s-2(b).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

32. [sic]      As a result of DRS⌀s violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

Trans Union's Answer And Affirmative Defenses - 11
(2:09-cv-00956-JLR)

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

33. [sic]    Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

34. [sic]    Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

### FIFTH CLAIM FOR RELIEF

### FAIR CREDIT REPORTING ACT

### (Debt Recovery Solutions, LLC)

### (15 U.S.C. § 1681o)

35. [sic]    Plaintiff realleges and incorporates paragraphs 1 - 16 as if fully set forth herein.

**ANSWER**:  Trans Union reasserts its answers and responses set forth herein.

36. [sic]    DRS negligently failed to comply with the requirements imposed under the FCRA, including but not limited to failing to comply with the requirements in 15 U.S.C. §1681s-2(b).

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

37. [sic]    As a result of DRS's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

Trans Union's Answer And Affirmative Defenses - 12
(2:09-cv-00956-JLR)

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

38. [sic]    Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that judgment be entered against defendants as follows:

1.    On Plaintiffs First Claim for Relief:

    a)    Actual damages in an amount to be determined by the jury;

    b)    Statutory damages to be decided by the Court; and

    c)    Attorney fees and costs.

2.    On Plaintiffs Second Claim for Relief:

    a)    Actual damages in an amount to be determined by the jury;

    b)    Punitive damages in an amount to be determined by the jury; and

    c)    Attorney fees and costs.

3.    On Plaintiffs Third Claim for Relief:

    a)    Actual damages in an amount to be determined by the jury; and

    b)    Attorney fees and costs.

4.    On Plaintiffs Fourth Claim for Relief:

    a)    Actual damages in an amount to be determined by the jury,

    b)    Punitive damages in an amount determined by the jury,

    c)    Attorney fees and costs.

**SCHUCKIT & ASSOCIATES, P.C.**
**30TH FLOOR, MARKET TOWER**
**10 W. MARKET STREET, STUITE 3000**
**INDIANAPOLIS, IN 46204**
**TELEPHONE: (317) 363-2400**
**FACSIMILE: (317) 363-2257**

5.    On Plaintiffs Fifth Claim for Relief:

    a)    Actual damages in an amount to be determined by the jury,

    b)    Attorney fees and costs.

6.    Trial by jury is requested on all claims for relief.

    **ANSWER TO PRAYER FOR RELIEF:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.    Plaintifføs state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

3.    Trans Unionøs reports concerning Plaintiff were true or substantially true.

4.    Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.    Plaintifføs claims are barred, in whole or in part, by the applicable statute of limitations.

6.    Plaintifføs claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.    At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.    Plaintifføs claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

**Trans Union's Answer And Affirmative Defenses - 14**
**(2:09-cv-00956-JLR)**

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

9.    Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10.    Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.    Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.    Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.    Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.    Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

s/ William R. Brown
William R. Brown, Esq.
 (Admitted *Pro Hac Vice*)

*Lead Counsel for Trans Union, LLC*

Trans Union's Answer And Affirmative Defenses - 15
(2:09-cv-00956-JLR)

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

George W. Akers, P.S.
  WA State Bar No. 00498

*Local Counsel for Trans Union, LLC*

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** has been filed electronically on the **9th day of October, 2009**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Justin M. Baxter, Esq. | |
| justin@baxterlaw.com | |

The undersigned further certifies that a true copy of the foregoing **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **9th day of October, 2009**, properly addressed as follows:

| None | |

Respectfully submitted,

*s/ William R. Brown*
William R. Brown, Esq.
 (Admitted *Pro Hac Vice*)

*Lead Counsel for Trans Union, LLC*

**Trans Union's Answer And Affirmative Defenses - 17
(2:09-cv-00956-JLR)**

SCHUCKIT & ASSOCIATES, P.C.
30TH FLOOR, MARKET TOWER
10 W. MARKET STREET, STUITE 3000
INDIANAPOLIS, IN 46204
TELEPHONE: (317) 363-2400
FACSIMILE: (317) 363-2257